IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SUSAN C. HILEMAN,**

    **Plaintiff,**

**vs.**

**LOUIS MAZE,**

    **Defendant.**                              **No. 02-CV-4059-DRH**

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

    The Court takes up this matter for purposes of docket control. The **FEDERAL RULES OF CIVIL PROCEDURE** and case law forbid a district court from acting on a summary judgment motion without giving the nonparty a reasonable opportunity to respond. **FED. R. CIV. P. 56**; *see Timms v. Frank*, **953 F.2d 281, 284 (7th Cir. 1992)**. A motion for summary judgment should not be granted against a *pro se* litigant unless the *pro se* litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. *See Timms*, **953 F.2d at 284**; *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**. This "notice" should come from opposing counsel and should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of **RULE 56(e)** and an explanation of the rule in ordinary English. *Id.* If opposing counsel fails to provide the requisite notice then the district court should

do so. *Id.*

In this case, Plaintiff has moved for partial summary judgment but has failed to provide *pro se* Defendant Louis Maze with the requisite **Timms** notice. Therefore, the Court must provide the proper notice and **DIRECTS** Defendant to follow **FEDERAL RULE OF CIVIL PROCEDURE 56(e)** in responding to the motion for summary judgment. **RULE 56(e)** states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise specifically provided by in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Further, the Court **ADVISES** Defendant that if he does not respond with his own evidence to Plaintiff's evidence, if any, in support of summary judgment then summary judgment may be granted in Plaintiff's favor. Specifically, any factual assertion will be taken as true by the Court unless Defendant submits his own affidavits or other documentary evidence contradicting the assertion. In other words, Defendant cannot merely rely on mere allegations to survive the motion for summary judgment. **See Bryant v. Madigan, 84 F.3d 246, 248 (7th Cir. 1996)**.

Because this *Timms* notice has been issued within a short time of the filing of Plaintiff's summary judgment motion, Defendant Maze's response time will still be calculated from the date Plaintiff's motion was filed.

**IT IS SO ORDERED.**

Signed this 1st day of July, 2005.

/s/   David RHerndon
**United States District Judge**